# IN THE DISTRICT COURT OF POTTAWATOMIE COUNTY
## STATE OF OKLAHOMA

JAMES HAMMER, and

CARL WILLIAMS,

Plaintiffs and all others similarly situated,

v.

ASCENT HOME HEALTH AND HOSPICE, INC. d/b/a COHESIVE HEALTHCARE,

Defendant.

Case No. CJ-2021-78

**FILED IN THE DISTRICT COURT MAR 22 2021 POTTAWATOMIE COUNTY, OK VALERIE N. UELTZEN, COURT CLERK BY_____ DEPUTY**

## PETITION

**COME NOW THE PLAINTIFFs**, and for their cause of action herein alleges and states as follows:

1. The named Plaintiffs are James Hammer and Carl Williams, which are both adult residents of the State of Oklahoma.

2. Defendant is Ascent Home Health and Hospice, Inc. d/b/a Cohesive Healthcare ("Cohesive"), a domestic for-profit business corporation.

## CLAIMS AND VENUE

3. Plaintiffs causes of action are for Defendant's failure to pay Plaintiffs the agreed-upon wages during their time of employment, including Defendant's failure to pay Plaintiffs the required overtime premium at one- and one-half times Plaintiffs' hourly rate of pay when performing work in excess of forty hours in a given workweek.

4. All acts described herein occurred in the State of Oklahoma, and Defendant can be served in Pottawatomie County.



## STATEMENT OF FACTS

5. Plaintiffs James Hammer and Carl Williams are former Transportation Specialists/Emergency Medical Technicians that were employed by Defendant Cohesive from the time period of November 2018 up to August 2019.

6. Similarly situated employees include Transportation Specialists/Emergency Medical Technicians that were employed by Cohesive during the previous three years from the date of this filing.

7. Cohesive advertises positions of employment of Transportation Specialist/Emergency Medical Technicians as an hourly position with pay of $13.00 per hour.

8. Cohesive improperly compensated Plaintiffs and others similarly situated employees on a salary basis as exempt from being paid one- and one-half times their hourly rate for hours worked over forty in a workweek.

9. Plaintiffs, and other similarly situated employees, complained about this misclassification and demanded compensation for hours worked in excess of forty in a workweek.

10. Cohesive deducted Plaintiffs, and other similarly situated employees, compensation if they missed a full or partial day of work.

11. Cohesive failed to compensate Plaintiffs, and other similarly situated employees, for their previously worked overtime hours.

12. Cohesive acknowledged its improper classification; however, despite complaints and acknowledgement of the improper classification, Cohesive failed to correct its unlawful pay practices.
13. Cohesive's actions were willful, malicious, or in reckless disregard of Plaintiffs' and others similarly situated's rights. Plaintiffs are entitled to an award of liquidated damages.
14. Cohesive's failure to pay Plaintiffs and other similarly situated a rate of pay at one- and one-half times the agreed upon hourly rate for hours worked in excess of forty hours caused Plaintiffs and others similarly situated to incur economic losses including unpaid wages.

## PRAYER

The actual damages under Plaintiffs' claims exceeds Ten Thousand Dollars ($10,000.00).

**WHEREFORE**, Plaintiffs pray that this Court enter judgment in favor of the Plaintiff and against the Defendant and assess an award of actual and liquidated damages together with pre- and post-judgment interest, costs, attorneys' fees, and such other relief as this Court may deem equitable and appropriate.

*signature*

D. Colby Addison, OBA #32718
Leah M. Roper, OBA # 32107
CENTER FOR EMPLOYMENT LAW
1133 N. Portland Ave.
Oklahoma City, OK 73107
Telephone: 405.252.1180
colby@centerforemploymentlaw.com
leah@centerforemploymentlaw.com
ATTORNEYS FOR PLAINTIFFS

**ATTORNEY LIEN CLAIMED**